In the Matter of ALEXANDER CATERSON, an Incompetent Person.

Supreme Court, Westchester County, March 15, 1940.

*Edmond L. Mann*, special guardian.

*Konheim, Halpern & Wolf*, for the Metropolitan Casualty Insurance Company of New York.

*Howard H Schrecke,* for the Eagle Indemnity Company.

*George L. Naught,* for the American Surety Company of New York.

*George A. Daly,* for The Fidelity and Casualty Company of New York.

J. ADDISON YOUNG, Official Referee. Frank A. Saporito was appointed committee of Alexander Caterson, an incompetent, on February 2, 1928, and the order of his appointment provided for the filing of a bond in the sum of $2,000. This bond was executed on February 24, 1928, and the Eagle Indemnity Company executed the bond as surety. This bond was in the usual form of a general committee bond and it provided as follows: " Now, therefore, the Condition of this Obligation is such, That if the above bounden Frank A. Saporito will, in all things, faithfully discharge the trust reposed in him and obey all lawful directions of the said Court, or of a justice thereof, or of any Court or judge having jurisdiction thereof, touching the said trust; and if he will in all respects, render a just and true account of all moneys and other property received by him and of the application thereof, and of his Committeeship, whenever he is required so to do by the said Court, or a Court of competent jurisdiction, then this obligation to be void, otherwise to remain in full force and virtue."

Subsequently, the committee began a proceeding for leave to sell certain real property in which the incompetent had an interest, and, in this proceeding, an order was made on April 24, 1929, directing the committee to file a bond in the penal sum of $4,000. This bond was given with the Metropolitan Casualty Insurance Company of New York as surety and contained the following:

" Whereas the above bounden Frank A. Saporito, as Committee of the property of the aforesaid Alexander Caterson, the incompetent person herein, was duly directed by an order of the Supreme Court of the State of New York made on the 24th day of April, 1929, to file a bond in the penal sum of $4,000 conditioned for the faithful discharge of his trust, for the paying over and investing of, and accounting for all moneys received by him in this special proceeding according to the direction of any Court having authority to give directions in the premises and for the observance of the directions of the Court in relation to the trust.

" Now therefore the condition of the above obligor is such that if the above bounden Frank A. Saporito will in all things faithfully discharge the trust reposed in him and *pay over and invest and account for all moneys received by him in the above entitled special proceeding* according to the direction of any Court having authority to give

directions in the premises and will faithfully observe all of the directions of the Court in relation to the trust, then this obligation to be void, else to remain in full force and virtue."

Thereafter the property was sold and another similar bond was executed pursuant to the order of the Supreme Court, dated June 28, 1929. As a result of the sale of this property, the committee received $4,000 as the incompetent's share in the property. The testimony given before me shows that $3,000 of the $4,000 so received was not invested by the committee as directed by the order of the Supreme Court, but was loaned by the committee to another without security and was never repaid. It is this sum which constitutes the shortage in the committee's accounts, less $500, which he has repaid on the account.

The question presented refers to the liability of the Eagle Indemnity Company for this shortage. The Metropolitan Casualty Insurance Company of New York contends that the Eagle Indemnity Company is cosurety with it and that both companies are liable for the shortage referred to.

In my opinion, this claim is without merit. It is apparent that the bonds of the Metropolitan Casualty Insurance Company of New York were given for a specific purpose in a special proceeding provided for by statute to permit the sale of real property of the incompetent, and which statute provides for the giving of security by the committee to protect the incompetent's interests. The two bonds so given by the Metropolitan Company are to be considered as independent of other bonds and responsible alone for the moneys collected by the committee in that proceeding. It is stated that there is no reported case on this point in the State of New York, but many are cited from other States, and the principle is referred to in Pingrey's Treatise on the Law of Suretyship and Guaranty, as follows:

" Sec. 261. Guardian Selling Real Estate. In most jurisdictions the general bond does not cover sales made of the ward's real estate. In such case the guardian is required to give a new bond to answer for the proceeds of such sales. The duties of the administrator and guardian are prescribed by statute, and the trust created by their appointment extends only to the duties imposed by statute; and where they file bonds and qualify and take upon themselves the administration of the personal assets of such trusts, the sureties on the bonds filed are liable only for the faithful accounting of such personal assets. *So where they apply to and obtain an order of court to sell or rent real estate, and file an additional bond as a condition precedent to such sales or renting, the sureties on such bonds are alone liable for the funds resulting therefrom and the sureties on the general*

*bond are not liable for such sales. The sureties on the first or general bond of the guardian are not liable for real estate sales by a guardian under the second bond."*

My conclusion, therefore, is that the Metropolitan Casualty Insurance Company of New York is solely responsible for the loss sustained to the incompetent in connection with the sale of the property as a result of the proceedings in which its two bonds were given. A report may be submitted in accordance with this memorandum in which the account of the committee will be stated.